J-A18016-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN J. JOSEPH | : | |
| | : | |
| Appellant | : | No. 199 WDA 2026 |

Appeal from the Judgment of Sentence Entered January 7, 2026
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0001392-2025

BEFORE: PANELLA, P.J.E., KING, J., and LANE, J.

JUDGMENT ORDER BY KING, J.: **FILED: JULY 27, 2026**

Appellant, John J. Joseph, appeals *pro se* from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his bench trial conviction for harassment.[1] We dismiss the appeal.

The trial court set forth the relevant facts of this case as follows:

> [Appellant] and the victim, Amy Dwyer, (hereinafter "Dwyer"), grew up on the same street in the 1980s and 1990s and were high school classmates in … late [1992]. When she was in high school, Dwyer was employed by [Appellant's] family as a babysitter and a tutor for [Appellant's] sister. By [Appellant's] own testimony, [Appellant] and Dwyer did not talk in high school.
>
> On October 9, 2016, [Appellant] saw Dwyer at the local gas station, and afterwards found her email on the internet and sent her an email. Dwyer responded to the email politely, essentially communicated to [Appellant] that she was glad he was well, asking about his family, and relaying that she

---

[1] 18 Pa.C.S.A. § 2709(a)(3).

was also doing well and was married with four children. After that one email, Dwyer had no further communication with [Appellant]. However, [Appellant] continued to contact Dwyer. Throughout 2016 and 2017[, Appellant] emailed Dwyer five additional times. Dwyer did not respond to any of the emails. In 2023, [Appellant] emailed Dwyer six times and interacted with her twice in public. The first 2023 public interaction occurred when [Appellant] and Dwyer were apparently parked near one another and [Appellant] emailed Dwyer to tell her he saw her park there. Following this instance, Dwyer did report these interactions to the Edgeworth Police Department and informed them that she was concerned. The second 2023 public interaction occurred when [Appellant] was driving outside of Dwyer's home, which is a main road. [Appellant] observed Dwyer come out of her home, and slowed his car to try to talk to her while moving traffic was occurring. Dwyer ignored [Appellant] and again reported her concern with the interaction to the police.

[Appellant] next emailed Dwyer in February 2025 and April 2025. In May 2025, [Appellant's] behavior escalated. On May 13, 2025, [Appellant] approached Dwyer as she was walking her dog within a few blocks from her home, slowing down his car and attempting to speak with her. Dwyer did not speak to [Appellant], and crossed the street instead. Dwyer then went to the police department "to again tell them that [Appellant] was continuing to try to interact with her with no just reason to do so…" On May 22, 2025, Dwyer was again walking her dog within a few blocks of her home and [Appellant] drove up, stopped his vehicle, [parked] his vehicle, got out of the vehicle on foot and chased Dwyer and then blocked her entrance to the elementary school. When Dwyer heard [Appellant] approach her from behind, she started shouting at him to go away, to leave her alone, and to stop. [Appellant] did not stop, but instead continued to walk toward Dwyer and then crossed her path, blocking her entrance to the front of the elementary school and tried to engage her in conversation.

Dwyer testified that these interactions, particularly on May 22, 2025, made her feel [very frightened and scared.] …

Dwyer further testified that the contents of the emails

- 2 -

caused her concern….

In his testimony, [Appellant] did not deny these instances of interaction with Dwyer. [Appellant] also admitted he did not receive a response to any of the emails except for the initial email.

Officer Brian Tice of the Edgeworth Borough Police Department also testified at the hearing. Officer Tice confirmed that Dwyer filed complaints regarding the situation with [Appellant] in May of 2023, October of 2023, and two in May 2025. Officer Tice also testified that he informed [Appellant] to stop contacting Dwyer in May 2025.

(Trial Court Opinion, filed 4/17/26, at 1-4) (internal citations omitted).

On October 7, 2025, a district magistrate found Appellant guilty of summary harassment, and Appellant filed a *de novo* appeal in the Court of Common Pleas. On January 7, 2026, the court convicted Appellant of harassment and sentenced him to pay a $250 fine, plus costs. Appellant timely appealed *pro se* on February 5, 2026. On May 6, 2026, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement; Appellant did not comply.

Initially, we recognize:

[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Commonwealth v. Adams*, 882 A.2d 496, 497-98 (Pa.Super. 2005) (internal citations omitted). *See also* Pa.R.A.P. 2101 (explaining that briefs which fail to conform with requirements of rules may be suppressed, and, if defects in brief are substantial, appeal may be quashed or dismissed).

Instantly, Appellant's "brief" consists of one handwritten page in which Appellant merely avers that "she lied twice" and that Appellant "[n]eed[s] security video pulled" from the elementary school. (Appellant's Brief at 1). Significantly, Appellant omits **all** of the requisite sections of an appellate brief, including any argument on appeal. *See* Pa.R.A.P. 2114-2119 (stating requirements of each subsection of brief). Appellant's failure to comply with the Rules of Appellate Procedure impedes our meaningful review of this case, requiring dismissal. *See* Pa.R.A.P. 2101. Accordingly, we dismiss the appeal.[2]

Appeal dismissed. Case is stricken from argument list.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/27/2026

---

[2] Based on our disposition, we deny as moot the Commonwealth's application for relief seeking a continuance of oral argument in this case.